

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 20, 1968.

Hon. O. N. Humphreys, Jr.,
Administrator
Texas Liquor Control Board
Sam Houston State Office Bldg.,
Austin, Texas 78711

Dear Mr. Humphreys:

Opinion No. M-327

Re:  May a juvenile be prose-
cuted for violation of
Article 666-17(14), Vernon's
Penal Code, and related
questions?

You request an opinion of this office whether a juvenile may
be prosecuted for violation of Article 666-17(14), Vernon's Penal
Code and if so, whether such juvenile may be incarcerated for failure
to pay his fine upon conviction, in view of amendments to Article
2338-1, Vernon's Civil Statutes, by H. B. No. 780, Acts 60th Legis-
lature, R.S. 1967, ch. 475, p. 1083.

Article 666-17, Section 14(a) makes certain purchases,
possession or consumption of alcoholic beverages by persons under
21 years of age a misdemeanor criminal offense and provides pun-
ishment by fine from $10. to $100.

As stated in your letter, this office has previously held in
Attorney General Opinion No. WW-1171 (1961) that the above section
of the Texas Liquor Control Act is an exception to Sections 12 and
13 of Article 2338-1, and that such persons under 21 years of age
are susceptible to fines for violation thereof.

As further stated in your letter, Attorney General Opinion
No. WW-1338 (1962) holds that all persons convicted under said
Section 14(a) who are unable to pay the fine assessed must be
confined in jail to lay out the fine as required by law or until such
fine has been paid, provided they are segregated from adult
offenders.

Section 3 of Article 2338-1, as amended, defines a "child"
as any female person over the age of 10 years and under the age

- 1602 -

of 18 years and any male person over the age of 10 years and under the age of 17 years.

Section 1 of Article 30, Vernon's Penal Code, prohibits the conviction of a person for any offense, except perjury, committed before he was 15 years of age, therefore such "children" can be held responsible only through proceedings in the juvenile court, if at all.   Attorney General Opinion No. M-163 (1967).

Under Section 5(a) of Article 2338-1, the juvenile court has exclusive original jurisdiction in proceedings governing any "delinquent child, " but the juvenile court may waive jurisdiction to the appropriate district court or criminal district court as specified in Section 6 thereof.

If a "child" does not violate a felony penal law or a misdemeanor law punishable by confinement in jail, he is not a "delinquent child" under the terms of Section 3 of Article 2338-1 unless he habitually violates misdemeanor laws punishable by fine only, or penal ordinances, or other proscribed deportment, conduct or activity.

In view of the above, a juvenile court would not have jurisdiction of a child for the "one-time" purchase, possession or consumption of an alcoholic beverage as described in Section 14(a) because such a person is not defined as a "delinquent child. " Obviously then, a juvenile court could not waive jurisdiction that it does not have, nor could it assume jurisdiction of a case transferred to it, under such circumstances, as provided in Section 12 of Article 2338-1.

It is our opinion that a female person 15 years of age or over, but under the age of 18 years, or a male person 15 years of age or over, but under the age of 17 years, who violates the provisions of Section 14(a) of Article 666-17, other than habitually, is not within the jurisdiction of the juvenile court and may be prosecuted for such violation in an appropriate criminal court having jurisdiction of such offense.   Upon conviction thereof he, or she, may be incarcerated until such fine is paid or otherwise satisfied according to law; however, such person shall be segregated from adult offenders under the provisions of Article 2338-1(17).

Whether such a person is a "one-time" offender or is an habitual offender such as would place him or her under the jurisdiction of the juvenile court is a question of fact which could be ascertained by the arresting officer, and/or the court after consultation or conference with the judge of the juvenile court.

## SUMMARY

A female person 15 years of age or over, but under 18 years of age, or a male person 15 years of age or over, but under the age of 17 years, who violates the provisions of Section 14(a) of Article 666-17, Vernon's Penal Code, other than habitually, may be prosecuted for such violation and upon conviction thereof he, or she, may be incarcerated until such fine is paid or otherwise satisfied according to law; however, such confined person shall be segregated from adult offenders under the provisions of Article 2338-1, Section 17, Vernon's Civil Statutes. Whether such a person is a "one-time" offender or is an habitual offender is a question of fact.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
Bob Lattimore
Tom Bullington
Lonny Zwiener
John Reeves

STAFF LEGAL ASSISTANT
Hawthorne Phillips